# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BRYAN J. THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13-1472 |
| | ) | |
| JASON GARNETT,[1] | ) | |
| Chief of Parole, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

In October 2013, Petitioner Bryan J. Thomas filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1). Petitioner argues that the state trial judge who sentenced him did not order a term of mandatory supervised release but that the Illinois Department of Corrections has added a three-year term of mandatory supervised release to Petitioner's

---

[1] When Petitioner filed his Petition, he was housed at the Hill Correctional Facility. In February 2014, Petitioner was released and placed on parole. Therefore, in July 2014, the Court substituted Chief of Parole Darryl L. Johnson as Respondent. On October 30, 2014, counsel for Respondent advised the Court that Petitioner is now in the custody of Jason Garnett, who has been named Chief of Parole for the Illinois Department of Corrections. Pursuant to Federal Rule of Civil Procedure 25(d), Chief Garnett is substituted as the proper party respondent.

sentence.  Thereafter, the Illinois Appellate Court, Fourth District, directed the trial court to issue an amended sentencing order reflecting the three-year term of mandatory supervised release. Petitioner argues that the addition of the mandatory supervised release term increased his sentence without due process and in violation of double jeopardy.

The Court finds that an evidentiary hearing is not warranted. <u>See</u> Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Moreover, although Petitioner has not exhausted all of his available state court remedies, an application for writ of habeas corpus may be denied on the merits notwithstanding the failure to exhaust.  28 U.S.C. § 2254(b)(2).  For the reasons that follow, the Court finds that the Seventh Circuit's recent decision in <u>Carroll v. Daugherty</u>, 764 F.3d 786 (7th Cir. 2014) forecloses relief on Petitioner's claim.  Therefore, the Petition is DENIED.

## I. BACKGROUND

In June 2004, a jury found Petitioner guilty of unlawful manufacture of a controlled substance in Adams County Circuit

Court Case No. 04-CF-73. The trial court sentenced Petitioner to 20 years' imprisonment. The judgment made no mention of a term of mandatory supervised release. See Exhibit to Petition (d/e 1, p. 16).

Petitioner appealed, arguing that the State's case hinged on the testimony of an accomplice that was insufficient to support Petitioner's conviction, two of the jurors falsely stated during voir dire that they were unacquainted with Petitioner, and the trial court failed to make an adequate inquiry into Petitioner's pro se allegations of ineffective assistance of counsel. The appellate court affirmed. People v. Thomas, No. 4-04-0552 (Ill. App. Ct. April 7, 2006) (d/e 12-1). The Illinois Supreme Court denied Petitioner's petition for leave to appeal. People v. Thomas, No. 102645 (Ill. Sept. 27, 2006) (d/e 12-2).

At some point, Petitioner learned (presumably from the Illinois Department of Corrections) that he would have to serve a three-year term of mandatory supervised release following his 20-year sentence. See 730 ILCS 5/5-8-1(d)(1) (West 2004) (providing a three-year term of supervised release for a Class X felony). In 2006,

Petitioner filed a postconviction petition arguing, among other issues, that mandatory supervised release was unconstitutional. See Petition ¶ 11(a) (d/e 1). The trial court denied the petition. Id.

In April 2011, Petitioner filed a motion in the trial court asserting that the three-year term of mandatory supervised release should be vacated as void. See Petition ¶ 11(b) (d/e 1). Petitioner challenged the addition of three years of mandatory supervised release to Petitioner's term by the Illinois Department of Corrections because mandatory supervised release was not "issued" by any court. Id. In July 2013, the trial court denied the motion, and Petitioner appealed.

On appeal, Petitioner argued that the Illinois mandatory supervised release statute, 730 ILCS 5-8-1(d)(1), was unconstitutional because the statute automatically added a term of mandatory supervised release to judicially imposed sentences. See 730 ILCS 5/5-8-1(d)(1) (West 2004) ("Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment," which, for those sentenced after February 1, 1978, is identified as a

mandatory supervised release term). Petitioner also argued that the statute was contrary to Hill v. Wampler, 298 U.S. 460, 464 (1936), which held that "[t]he only sentence known to the law is the sentence or judgment entered upon the records of the court."

On February 14, 2013, the appellate court entered a summary order remanding the case with directions. People v. Thomas, No. 4-11-0871 (Ill. App. Feb. 14, 2013) (d/e 1, p. 18). The appellate court found that the mandatory supervised release statute could be interpreted in a way to preserve its constitutionality. People v. Thomas, No. 4-11-0871 (Ill. App. Feb. 14, 2013) (d/e 1, p. 20). Specifically, the court interpreted the statute "as requiring that the applicable term of [mandatory supervised release] actually be written in every sentence." Id. Therefore, the court remanded the case with directions to the trial court to issue an amended sentencing order reflecting the three-year term of mandatory supervised release. Id. The Illinois Supreme Court denied Petitioner's petition for leave to appeal. See People v. Thomas, No. 115789 (Ill. May 29, 2013) (d/e 1, p. 21).

On remand, the trial court amended the original sentencing order and mittimus by adding a three-year term of supervised release to be served by Petitioner upon his release from the Illinois Department of Corrections. See Exhibit to Petition (d/e 1, p. 22). Petitioner thereafter filed a Motion in Prohibition From Increasing the Sentence in Conjunction with the Appellate Court Mandate. Petition ¶ 11(c) (d/e 1); see also Exhibit to Petition (d/e 1, p. 23). Petitioner argued that the trial court should modify Petitioner's sentence to include three years of mandatory supervised by giving Petitioner a 17-year term of imprisonment plus three years of supervised release for a total of 20 years. Otherwise, according to Petitioner, the court was violating due process and penalizing Petitioner for successfully pursuing his right to appeal. See Exhibit to Petition (d/e 1, p. 24). The trial court denied Petitioner's motion. See Exhibit to Petition (d/1, p. 26). Petitioner appealed. That appeal remains pending.

On October 3, 2013, Petitioner filed the § 2254 petition at issue herein. Petitioner argues that the addition of the three-year term of mandatory supervised release following remand from the

appellate court increased Petitioner's sentence without due process of law and in violation of double jeopardy. Petition ¶ 12 (d/e 1).

In April 2014, Respondent filed a Motion to Dismiss as Unexhausted (d/e 12) because Petitioner failed to exhaust his state court remedies. Respondent noted that the appeal of the trial court's denial of Petitioner's Motion in Prohibition From Increasing the Sentence in Conjunction with the Appellate Court Mandate is still pending.

In August 2014, this Court directed the parties to file supplemental briefs in light of <u>Carroll v. Daugherty</u>, 764 F.3d 786 (7th Cir. 2014), which addressed and rejected the same basic issue raised by Petitioner in this case. Respondent filed a brief arguing that <u>Carroll</u> forecloses relief on Petitioner's claim. Petitioner failed to file a brief addressing <u>Carroll</u>.

## II. LEGAL STANDARD

This Court's review of state court decisions is limited by the Antiterrorism and Effective Death Penalty Act. If a state court adjudicated a claim on the merits, this Court can grant relief only if the state court adjudication of the claim resulted in (1) "a decision

that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1), (d)(2). The relevant decision reviewed is the decision of the last state court to rule on the merits of the petitioner's claim. Coleman v. Hardy, 690 F.3d 811, 814 (7th Cir. 2012).

### III. ANALYSIS

In his Petition, Petitioner challenges the appellate court's decision directing the trial court to amend the judgment to add the three-year term of supervised release. See Response to Mot. to Dismiss (d/e 14). As noted above, Respondent moved to dismiss the Petition on the ground that Petitioner had not exhausted his state court remedies because Petitioner's appeal of the denial of his Motion in Prohibition From Increasing the Sentence in Conjunction with the Appellate Court Mandate remains pending. Even if Petitioner has not exhausted his state court remedies, however, this Court may address the merits of his Petition. See 28 U.S.C. §

2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). The Court chooses to address the claim on the merits here.

Petitioner argues that the three-year term of mandatory supervised release is void because it was not ordered by the sentencing judge. Petitioner further argues that, if the three-year term was imposed by operation of law, the term should be part of the 20-year sentence imposed by the judge. Therefore, Petitioner requests that his sentence be amended to 17 years' imprisonment and three years of supervised release.

Petitioner's argument is foreclosed by the Seventh Circuit's decision in <u>Carroll v. Daugherty</u>, 764 F.3d 786. In <u>Carroll</u>, the defendant was convicted and sentenced to 28 years' imprisonment. Ten years later, he "obtained a measure of postconviction relief" and was sentenced to 26 years' imprisonment. <u>Id.</u> at 787. The judge did not mention mandatory supervised release at sentencing or resentencing and the judgments did not reflect a term of mandatory supervised release. <u>Id.</u>

When the defendant later learned that he would have to serve a term of mandatory supervised release, even though the term was not mentioned in the judgment, he filed a § 2254 petition in the district court. Id. The defendant argued that imposing a punishment in excess of the punishment imposed by the judge violated federal law. Id. The defendant asked that his 26-year prison term be reduced to 23 years' imprisonment and 3 years of supervised release so that his aggregate sentence would be 26 years. Id.

The Seventh Circuit held that because the Illinois statute made supervised release mandatory, the term was included in the sentence by operation of law:

> Because Illinois's statute made supervised release mandatory, the omission of supervised release from the judgment did not make the sentence unlawful. The Supreme Court of Illinois has held that omission of a required term of supervised release from a sentence is not error, because the state's supervised-release statute provides that "every sentence shall include as though written therein a term [of supervised release] in addition to the term of imprisonment. 730 ILCS 5/5-8-1(d)." People v. McChriston, 4 N.E.3d 29, 33 (Ill. 2014) (emphasis added).

Id. at 788-89.

The Seventh Circuit found Hill v. Wampler, 298 U.S. 460, 464 (1936), the case cited by the defendant in that case as well as by the Petitioner in this case, "inapposite." Carroll, 764 F.3d at 787. In Wampler, the United States Supreme Court held that a provision in the judgment that was inserted by the clerk but not orally pronounced by the judge was void. Wampler, 298 U.S. at 465 ("A warrant of commitment departing in matter of substance from the judgment back of it is void").

In distinguishing Wampler, the Seventh Circuit in Carroll focused on the fact that district judge in Wampler had the discretion to choose whether to imprison the defendant until he paid the fine but chose not to do so. Carroll, 764 F.3d at 788, citing Wampler, 298 U.S. 460. The Seventh Circuit noted that, unlike Illinois' statute making supervised release mandatory, the decision whether to imprison the defendant until he paid his fine was for the judge to make, and the clerk in Wampler had no authority to modify the sentence imposed by the judge. Id.

The Carroll court also held that the "failure to mention supervised release in [the defendant's] sentence did not

deprive him of life, liberty, or property." Id. at 790. Moreover, the defendant did not have a constitutional right to substitute three years of supervised release for three years of imprisonment "just because the judge left something out of the sentence that doesn't have to be in it in order to authorize the full measure of punishment that [the defendant] had been ordered to undergo." Id. Therefore, the petitioner was not entitled to habeas relief.

Likewise here, although Petitioner's sentencing judgment does not mention mandatory supervised release, Petitioner's sentence included the three-year term of mandatory supervised release by operation of law. The appellate court, by ordering that the sentencing judge amend the judgment to reflect the term of mandatory supervised release imposed, merely corrected the omission. See Carroll, 764 F.3d at 790 (noting that any error from the omission of the supervised-release term from the judgment was harmless and had been corrected by adding three years to the defendant's predicted discharge date).

Therefore, Carroll forecloses relief on Petitioner's habeas claim.  Petitioner cannot show that the state court adjudication of the claim was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  28 U.S.C. § 2254(d)(1), (d)(2).

### IV. CERTIFICATE OF APPEALABILITY

When the Court enters a final order adverse to the applicant, the Court must issue or deny a certificate of appealability.  See Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.  A certificate of appealability may issue only where the applicant makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A substantial showing exists where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529

U.S. 473, 484 (2000) (quotations and citations omitted). The Court finds no reasonable jurist would debate whether Petitioner is entitled to habeas relief under 28 U.S.C. § 2254. Therefore, the Court denies a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (d/e 1) is DENIED. A Certificate of Appealabilty is also DENIED. Respondent's Motion to Dismiss as Unexhausted (d/e 12) is DENIED AS MOOT.

CASE CLOSED.

ENTER: October 31, 2014

FOR THE COURT:

       s/Sue E Myerscough
       SUE E. MYERSCOUGH
       UNITED STATES DISTRICT JUDGE